# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

CONNIE BOANE,

        Plaintiff,                                Case No. 11-2565
                                                                Senior United States
v.                                                District Judge Arthur J. Tarnow

JAMES A. BOANE ET AL.,                Magistrate Judge Tu M. Pham

        Defendants.
_____/

## ORDER PARTIALLY ADOPTING AND PARTIALLY REJECTING THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [39], PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANTS' MOTION TO DISMISS [33]

      Before the Court is Defendant's Motion to Dismiss for Failure to State a Cause of Action ("Second Motion to Dismiss") [33]. Plaintiff filed a Response in Opposition [34]. On July 3, 2012, Magistrate Judge Pham issued a Report and Recommendation [33] recommending that the Defendant's motion be GRANTED. Plaintiff filed an Objection [17]. For the reasons stated below the Court partially adopts and partially rejects the R&R.

## I. STANDARD OF REVIEW

      The standard of review set forth in Federal Rule of Civil Procedure 72(b) governs this dispositive matter. Fed. R. Civ. P. 72(b). Pursuant to that rule, "[t]he district judge in the case must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition. . . " *Id.* at 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (2006).

## II. STATEMENT OF FACTS

The District Court adopts the Magistrate Judge's proposed findings of fact as its own.

## II. ANALYSIS

After a de novo review of the R&R, the Court partially adopts and partially rejects the conclusions of law. The Court finds all of Plaintiff's objections to be persuasive.  However, Plaintiff did not object to the R&R's conclusions as to the Health and Information Portability and Accountability Act ("HIPAA"), therefore the Court adopts the R&R's conclusions as to HIPAA.

**A. The Stored Communications Act 18 U.S.C. § 2701 et seq.**

Plaintiff's first objection goes to the R&R's conclusion that Plaintiff failed to state a Claim under the Stored Communications Act on the grounds that United Healthcare ("United") is not an electronic communication service provider. Pl.'s Obj. at 3.  Plaintiff asserts that liability does not hinge on whether United is a communication service provider.  Pl.'s Obj. at 3.  Plaintiff argues that the cases cited by the Magistrate Judge are distinguishable from the case at Bar because they were about liability under 18 U.S.C. § 2702 for divulging information, whereas this case is about third-party liability for unauthorized access to information under 18 U.S.C. § 2701. Pl.'s Obj. at 3-4 *citing In re Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299 (E.D.N.Y. 2005), *Copeland v. Nw. Airlines Corp.*, No. 04-2156, 2005 WL 2365255 (W.D. Tenn. Feb. 28, 2005), and *Dyer v. Nw. Airlines Corps.*, 334 F. Supp.2d 1196 (D. N.D. 2004). The Court agrees. Plaintiff points to the analysis of 18 U.S.C. § 2701 in *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp.2d 417 (S.D. NY 2010) and *Miller v.*

2

*Meyers*, 766 F. Supp.2d 919 (W.D. AK 2011) as analogous to the case at Bar. Pl.'s Obj. at 5. The Court agrees that given the decisions in *Pure Power* and *Miller*, Plaintiff's claims under the Stored Communications Act should not be dismissed at this point.

**B. The Electronic Communications Privacy Act and the Tennessee Wire Act**

Plaintiff's second objection goes to the R&R's conclusion that Plaintiff failed to state a claim for violation of the Electronic Communications Privacy Act and the Tennessee Wire Act. Pl.'s Obj. at 7; 18 U.S.C. § 2510 et seq.; T.C.A. § 39-13-601 et seq. The Sixth Circuit has not addressed the meaning of "intercept" in the context of 18 U.S.C. § 2511(1)(a). The jurisprudence of the Third Circuit, Eleventh Circuit, Ninth Circuit, and Fifth Circuit courts indicates that to impermissibly intercept, a defendant must have acquired the information during its transmission or "flight." The Seventh Circuit has held that causing a duplicate email to be generated qualified as a contemporaneous interception under 18 U.S.C. § 2511(1)(a). *United States v. Szymuszkiewicz*, 622 F. 3d 701 (7th Cir. 2010). Here, Plaintiff has alleged that defendants caused a duplicate email to be generated from her online United account. Therefore, the Court is not convinced that Plaintiff's claims under the ECPA should be dismissed at this point.

The Tennessee Wire Act mirrors the language of the ECPA, and courts have interpreted the two statutes similarly. *Cardinal Health 414, Inc. v. Adams*, 582 F. Supp. 2d 967, 979 (M.D. Tenn. 2008) (". . . whether both the [Tennessee Wire Act] and the [ECPA] have been violated here can be determined based on the [ECPA] and its case law."). Accordingly, Plaintiff's claims under the Tennessee Wire Act also survive defendant's Motion to Dismiss [33].

**C. The Computer Fraud and Abuse Act**

Plaintiff's third objection goes to the R&R's conclusion that Plaintiff failed to state a claim for violation of the Computer Fraud and Abuse Act. Pl.'s Obj. at 8; 18 U.S.C. § 1030.  Plaintiff objects that the R&R does not address her request for leave to amend her Complaint to plead the requisite damages.  Pl.'s Obj. at 8. Leave to amend pleadings should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). At this point, the Court is not convinced that Plaintiff's claims under the Computer Fraud and Abuse Act should be dismissed.

### III. CONCLUSION

Based on the foregoing analysis, the Court hereby partially adopts and partially rejects the Report and Recommendation [39].  Accordingly,

IT IS ORDERED that Plaintiff's Objection [13] is SUSTAINED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss for Failure to State a Cause of Action [10] is GRANTED as to Plaintiff's claims under the Health Information Portability and Accountability Act.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss for Failure to State a Cause of Action [10] is DENIED as to Plaintiff's claims under the Stored Communications Act, Electronic Communications Privacy Act, the Tennessee Wire Act, and the Computer Fraud and Abuse Act.

IT IS FURTHER ORDERED that Plaintiff is GRANTED leave to amend the Complaint to plead the damages required under the Computer Fraud and Abuse Act.

SO ORDERED.

                                     s/ Arthur J. Tarnow
                                     ARTHUR J. TARNOW
                                     SENIOR UNITED STATES
                                     DISTRICT JUDGE

Dated: September 21, 2012