IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**CONNIE BOANE,**

 **Plaintiff,**

vs.                 No: 2:11-cv-02565-AJT-tmp
                    JURY DEMANDED

**JAMES A. BOANE and**
**DONNA BOANE,**

 **Defendants**

---

### AMENDED COMPLAINT

---

COMES NOW the Plaintiff, Connie Boane (hereinafter also referred to as "Plaintiff"), and brings this Amended Complaint by leave of Court against Defendants James A. Boane and Donna Boane (hereinafter also collectively referred to as "Defendants"). Plaintiff brings this action for the Defendants' violation of the Stored Communications Act, the Electronic Communication Privacy Act, and the Computer Fraud and Abuse Act in relation to Defendants unauthorized electronic access to Plaintiff's private health information. In addition to asserting claims and causes of action based on the foregoing federal statutes, Plaintiff also asserts claims and causes of action arising from Tennessee statutory and common law that are pendant to her federal claims and causes of action. Plaintiff makes the following allegations and statements in support of her Complaint:

## JURISDICTION, PARTIES, AND VENUE

1.  This Court has jurisdiction under 28 U.S.C. § 1331 by virtue of the federal questions presented in this Cause.

2.  This Court also has jurisdiction under 28 U.S.C. § 1332 by virtue of the parties' diversity of citizenship and the amount in controversy as set forth more particularly below.

3.  Plaintiff Connie Boane is an adult resident citizen of Shelby County, Tennessee.

4.  Upon information and belief, Defendant James A. Boane is an adult resident citizen of Seminole County, Florida and has been served with process.

5.  Upon information and belief, Defendant Donna Boane is an adult resident citizen of Seminole County, Florida and has been served with process.

6.  Venue is proper in the Western District of Tennessee by virtue of the occurrence of a substantial part of the events and omissions giving rise to this Cause in this judicial district as set forth more particularly below.

## FACTUAL ALLEGATIONS

7. On or about December 21, 2010, Plaintiff received electronic mail correspondence from her health insurer, United Healthcare, informing Plaintiff that the password to her online health benefits account had been changed.

8. At times relevant, Plaintiff had not requested that the password to her online health benefits account be changed.

9. Thereafter, Plaintiff contacted United Healthcare to request that United Healthcare investigate the change of password referenced in the email correspondence of December 21, 2010.

10. At Plaintiff's request, United Healthcare investigated their records relative to access of Plaintiff's online health benefits account for the times relevant to the change of password request.

11. On January 3, 2011, United Healthcare provided Plaintiff with a report summarizing United Healthcare's investigation into the fraudulent and unauthorized access of Plaintiff's online health benefits account on December 21, 2010 (hereinafter referred to as "Report"). (See Report attached hereto as Exhibit A).

12. The Report indicated that someone using a computer with an IP address of 97.104.220.71 logged into Plaintiff's online health benefits account at approximately 6:56 p.m. on December 21, 2010.

13. From 6:56 p.m. to 7:40 p.m. on December 21, 2010, the person(s) using the computer with an IP address of 97.104.220.71 accessed and viewed approximately 50 separate online health benefits account entries including explanation of benefits, appeal claim notes, account balance, and personal health records.

14. At approximately 7:56 p.m. on December 21, 2010, the person using the computer with an IP address of 97.104.220.71 reset the password to Plaintiff's online health benefits account with United Healthcare.

15. Thereafter, on or about January 25, 2011, Plaintiff caused a subpoena to be issued and served on BrightHouse Networks c/o Neustar seeking production of records so

as to identify the individual or individuals using the computer with the IP address 97.104.220.71 as of December 21, 2010.

16. In response to the aforementioned subpoena and subsequently entered order of the Chancery Court of Shelby County, Tennessee, the custodian of records for Neustar produced a business record (hereinafter referred to as "Record") showing that the computer with the IP address of 97.104.220.71 was associated with an account held by Defendant Donna Boane on December 21, 2010. (See record attached as Exhibit B).

17. The Record showed that Defendant Donna Boane's account referenced an account holder address of 2638 Fallbrook Dr.

18. Defendant James A. Boane is currently married to Defendant Donna Boane.

19. Defendant James A. Boane and Defendant Donna Boane resided at 2638 Fallbrook Drive, Oviedo, Florida 32765, as of December 21, 2010.

20. Prior to his marriage to Defendant Donna Boane, Defendant James A. Boane was married to Plaintiff Connie Boane.

21. At the times relevant to the unauthorized access of Plaintiff's private health information, Defendant James A. Boane was involved in post-divorce litigation with Plaintiff in the Shelby County Chancery Court.

22. Defendant James A. Boane and/or Defendant Donna Boane intentionally, knowingly, and deliberately accessed Plaintiff Connie Boane's private, personal, and protected healthcare and electronic data information without Plaintiff's permission.

23. Defendant James A. Boane and/or Defendant Donna Boane illegally, improperly, and without authorization, accessed the private, personal, and protected healthcare and electronic data information of Plaintiff Connie Boane who Defendant

4

James A. Boane and/or Defendant Donna Boane knew resided in Shelby County, Tennessee.

24. For nearly one hour, Defendant James A. Boane and/or Defendant Donna Boane illegally, improperly, and without authorization, whether express or implied, accessed and reviewed approximately 50 separate online health benefits account entries pertaining to Plaintiff Connie Boane including explanation of Plaintiff's benefits, Plaintiff's appeal claim notes, Plaintiff's account balance, and Plaintiff's personal health records.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF THE STORED COMMUNICATIONS ACT

25. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

26. By deliberately accessing Plaintiff's online health benefits account without authorization, Defendants have intentionally accessed a facility through which electronic communication service is provided without authorization in violation of 18 U.S.C. § 2701(a)(1), a provision of the Stored Communications Act.

27. By deliberately accessing Plaintiff's online health benefits account and viewing approximately 50 separate account entries, including explanation of benefits, appeal claim notes, account balance, and personal health records, Defendants have intentionally accessed a facility through which electronic communication service is provided and obtained and/or altered stored electronic communication in violation of 18 U.S.C. § 2701(a)(2), a provision of the Stored Communications Act.

28. By deliberately accessing Plaintiff's online health benefits account and thereafter changing the password to Plaintiff's online health benefits account, Defendants have intentionally accessed a facility through which electronic communication service is provided and prevented authorized access to stored electronic communication in violation of 18 U.S.C. § 2701(a)(2), a provision of the Stored Communications Act.

29. As a direct and proximate result of Defendants' knowing and intentional violation of the Stored Communications Act, Plaintiff has sustained damages and/or is entitled to an award of statutory damages pursuant to 18 U.S.C. 2707, a provision of the Stored Communications Act.

30. Defendants' conduct was knowing, intentional, and willful such that Plaintiff is entitled to an award of punitive damages and attorney fees pursuant to 18 U.S.C. § 2707(c)(3), a provision of the Stored Communications Act.

COUNT TWO: VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT

31. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

32. By deliberately accessing Plaintiff's online health benefits account without authorization, Defendants have intentionally intercepted electronic communication in violation of 18 U.S.C. § 2511(1)(a), a provision of the Electronic Communications Privacy Act.

33. As a direct and proximate result of Defendants' knowing, intentional and willful violation of the Electronic Communications Privacy Act, Plaintiff has sustained

damages and/or is entitled to an award of statutory damages pursuant to 18 U.S.C. § 2520, a provision of the Electronic Communications Privacy Act.

34. Defendants' conduct was knowing, intentional, and willful such that Plaintiff is entitled to an award of punitive damages and attorney fees pursuant to 18 U.S.C. § 2520(b), a provision of the Electronic Communications Privacy Act.

COUNT THREE: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

35. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

36. By deliberately accessing Plaintiff's online health benefits account without authorization and viewing approximately 50 separate account entries, including explanation of benefits, appeal claim notes, account balance, and personal health records, Defendants have intentionally accessed a computer without authorization and obtained information in violation of 18 U.S.C. § 1030(a)(2), a provision of the Computer Fraud and Abuse Act.

37. As a direct and proximate result of Defendants' knowing, intentional and willful violation of the Computer Fraud and Abuse Act, Plaintiff has sustained damages and is entitled to an award of damages pursuant to 18 U.S.C. § 1030(g).

38. As a direct and proximate result of Defendants' knowing, intentional and willful violation of the Computer Fraud and Abuse Act, Plaintiff has sustained economic damages and/or loss in excess of $5,000.00 (separate and apart from fees incurred in brining the instant action) investigating and responding to Defendants' unauthorized access of Plaintiff's online health benefits account.

COUNT FOUR: VIOLATION OF TENNESSEE CODE ANNOTATED § 39-13-601

39. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

40. By deliberately accessing Plaintiff's online health benefits account without authorization, Defendants have intentionally intercepted electronic communication in violation of Tennessee Code Annotated § 39-13-601(a)(1)(A).

41. As a direct and proximate result of Defendants' knowing, intentional and willful violation of Tennessee Code Annotated § 39-13-601, Plaintiff has sustained damages and/or is entitled to an award of statutory damages pursuant to Tennessee Code Annotated § 39-13-603(a)(1).

42. Defendants' conduct was knowing, intentional, and willful such that Plaintiff is entitled to an award of punitive damages and attorney fees pursuant to Tennessee Code Annotated § 39-13-603(a)(2) and (3).

COUNT FIVE: VIOLATION OF THE TENNESSEE PERSONAL AND COMMERCIAL COMPUTER ACT OF 2003

43. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

44. By deliberately accessing Plaintiff's online health benefits account without authorization, Defendants have intentionally accessed a computer and/or computer system and/or computer network without authorization in violation of Tennessee Code Annotated § 39-14-602(b)(1), a provision of the Tennessee Personal and Commercial Computer Act of 2003.

45. By deliberately accessing Plaintiff's online health benefits account and thereafter changing the password to Plaintiff's online health benefits account, Defendants have intentionally altered the proper operation of a computer and/or disrupted a computer, computer system, computer network, computer software, program, or data which resides or exists internal or external to a computer, computer system, or computer network without authorization in violation of Tennessee Code Annotated § 39-14-602(b)(2), a provision of the Tennessee Personal and Commercial Computer Act of 2003.

46. By deliberately accessing Plaintiff's online health benefits account without authorization, Defendants have intentionally accessed computer software and/or a computer network without authorization for the purpose of maliciously gaining access to computer material in violation of Tennessee Code Annotated § 39-14-602(b)(4), a provision of the Tennessee Personal and Commercial Computer Act of 2003.

47. As a direct and proximate result of Defendants' knowing, intentional and willful violation of the Tennessee Personal and Commercial Computer Act of 2003, Plaintiff has sustained damages/injury for which she is entitled to an award pursuant to Tennessee Code Annotated § 39-14-604(a), a provision of the Tennessee Personal and Commercial Computer Act of 2003.

COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

49. Without any authorization whatsoever, whether express or implied, Defendants intentionally, deliberately, and willfully accessed Plaintiff's personal and

private healthcare information by use of Plaintiff's password and thereby impersonating Plaintiff.

50. Defendants' conduct is so outrageous that it cannot be tolerated by civilized society.

51. Defendants' extreme and outrageous conduct has led Plaintiff to suffer serious mental injury and/or extreme emotional distress.

52. As a direct and proximate case of Defendants' extreme and outrageous conduct, Plaintiff has suffered damages to which she is entitled an award.

COUNT SEVEN: RECKLESS INFLICTION OF EMOTIONAL DISTRESS

53. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

54. Without any authorization whatsoever, whether express or implied, Defendants intentionally, deliberately, and willfully accessed Plaintiff's personal and private healthcare information by using of Plaintiff's password and thereby impersonating Plaintiff.

55. Defendants' conduct was perpetrated with conscious disregard for the substantial and unjustifiable risk of inflicting emotional distress on Plaintiff and thereby constitutes reckless behavior.

56. Defendants' conduct is so outrageous that it cannot be tolerated by civilized society.

57. Defendants' extreme and outrageous conduct has led Plaintiff to suffer serious mental injury and/or extreme emotional distress.

58.  As a direct and proximate case of Defendants' extreme and outrageous conduct, Plaintiff has suffered damages to which she is entitled an award.

### COUNT EIGHT:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59.  The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

60.  Defendants owed Plaintiff a duty to refrain from inflicting severe emotional distress upon her.

61.  By accessing Plaintiff's personal and private healthcare information without any authorization whatsoever, whether express or implied, Defendants breached this duty.

62.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe mental injury and/or extreme emotional distress by which Plaintiff has suffered damages entitling her to an award.

### COUNT NINE:  INVASION OF PRIVACY

63.  The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

64.  By deliberating accessing Plaintiff's online health benefits account without authorization, Defendants intentionally intruded upon the solitude and seclusion of Plaintiff and/or Plaintiff's affairs and concerns.

65.  Defendants' intrusion into Plaintiff's solitude and seclusion is highly offensive to any reasonable person.

66. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered damages/injury to which she is entitled to an award.

### COUNT TEN: NEGLIGENCE

67. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

68. Defendants owed Plaintiff a duty to refrain from accessing and/or viewing her personal and private healthcare information without authorization.

69. Through their negligence, Defendants breached this duty and accessed and/or viewed Plaintiff's personal and private healthcare information without authorization.

70. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages/injury to which she is entitled to an award.

### **DAMAGES**

71. The allegations set forth in the previous paragraphs of this Complaint are hereby incorporated by reference and restated herein verbatim.

72. For Defendants' violation of the Stored Communications Act, Plaintiff seeks recovery of her actual damages in an amount to be proven at trial, but in no event less than one thousand dollars ($1,000.00) per occurrence as provided in 18 U.S.C. § 2707, and an award of punitive damages and attorney fees.

73. For Defendants' violation of the Electronic Communications Protection Act, Plaintiff seeks recovery of the greater of her actual damages in an amount to be proven at

trial or ten thousand dollars ($10,000.00) per occurrence as provided in 18 U.S.C. § 2520 and an award of punitive damages and attorney fees.

74. For Defendants' violation of the Computer Fraud and Abuse Act, Plaintiff seeks recovery of her economic damages in an amount to be proven at trial.

75. For Defendants' violation of the Health Information Portability and Accountability Act, Plaintiff seeks recovery of all damages, compensatory, statutory, and punitive as may be provided for by law.

76. For Defendants' violation of Tennessee Code Annotated § 39-13-601, Plaintiff seeks recovery of the greater of her actual damages in an amount to be proven at trial or ten thousand dollars ($10,000.00) per occurrence as provided in Tennessee Code Annotated § 39-13-603, and an award of punitive damages and attorney fees.

77. For Defendants' violation of the Tennessee Personal and Commercial Computer Act of 2003, Plaintiff seeks recovery of her actual damages in an amount to be proven at trial.

78. For Defendants' intentional infliction of emotional distress resulting in extreme emotional distress to Plaintiff, Plaintiff seeks recovery of damages to be determined by a jury.

79. For Defendants' reckless infliction of emotional distress resulting in extreme emotional distress to Plaintiff, Plaintiff seeks recovery of damages to be determined by a jury.

80. For Defendants' negligent infliction of emotional distress resulting in extreme emotional distress to Plaintiff, Plaintiff seeks recovery of damages to be determined by a jury.

81. For Defendants' invasion into Plaintiff's privacy, solitude and seclusion, Plaintiff seeks recovery of damages to be determined by a jury.

82. For Defendants' negligence, Plaintiff seeks recovery of damages to be determined by a jury.

83. Plaintiff seeks recovery of all other damages as allowed under federal and Tennessee law, including, but not limited to pre and post-judgment interest, and all other relief to which she may prove entitled.

84. Plaintiff prays that the costs of this action be assessed to Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Connie Boane seeks a judgment against James A. Boane and Donna Boane for compensatory and statutory damages in an amount not to exceed $750,000.00, punitive damages in an amount not to exceed $1,500,000.00, and reasonable attorney fees. Plaintiff respectfully requests that a jury be empanelled by this Honorable Court to try all factual issues and damages in this Cause, and for such other relief, both general and specific, to which Plaintiff may be entitled, including but not limited to the right to amend this Complaint.

Respectfully submitted,

**McDONALD KUHN, PLLC**

 /s/ Loys A. "Trey" Jordan, III
 /s/ Joseph B. Baker
Loys A. "Trey" Jordan, III (16766)
Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
*Attorneys for Plaintiff Connie Boane*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing document has been served on the following via United States Mail, First Class, postage prepaid, and via the ECF system maintained and administered by the United States District Court for the Western District of Tennessee on this the <u>4th</u> day of January 2013:

Thomas A. Sadaka (Florida: 915890)
189 S. Orange Ave., Suite 1800
Orlando, Florida 32801
(407) 245-1232
tom@nejamelaw.com
*Attorney for Defendants*
*James A. Boane and Donna Boane*

                                                                                  <u>/s/ Joseph B. Baker</u>
                                                                                  Loys A. "Trey" Jordan, III
                                                                                  Joseph B. Baker